J-S53025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR W. BROWN, JR., | |
| Appellant | No. 1920 MDA 2015 |

Appeal from the PCRA Order October 15, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000140-2003

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2016**

Appellant, Lamar W. Brown, Jr., appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A previous panel of this Court summarized the factual and extensive procedural history of this case as follows:

> On December 17, 2002, Appellant and his co-defendant were arrested and charged for the robbery of three individuals of cash and jewelry in the Borough of Gettysburg.  At the time, Appellant was brandishing a sawed-off shotgun.  On April 7, 2003, Clarence E. Allen, Esquire, entered his appearance on behalf of Appellant.  On May 19, 2003, an Order was entered granting Attorney Allen access to

_____

[*]  Former Justice specially assigned to the Superior Court.

Appellant's medical records from the Adams County Prison.

On October 20, 2003, Appellant entered a plea of guilty to three counts of Robbery, 18 Pa.C.S.A. § 3701. Sentencing was deferred until January 13, 2004. At that time, the trial court was presented with a pre-sentence investigation report which contained a copy of a mental health evaluation performed on Appellant at the prison by Rose Maturo, M.S., L.P.C., dated January 6, 2004. Nothing therein gave any hint that Appellant was unable to understand due to the medication he was taking.[FN1] Appellant was sentenced to three consecutive terms of imprisonment of 5-10 years. His request for reconsideration of sentence was denied on April 20, 2004. No direct appeal was filed.

> FN1: In fact, the report indicates that during the interview Appellant "was alert and oriented to person, place, and time and his memory and thought processes are intact." Report at 2.

Appellant filed a *pro se* Motion for Post-Conviction Collateral Relief on May 27, 2005. After review, the PCRA court wrote to Appellant advising that the issues he was raising were untimely and would be dismissed unless properly amended. Gregory Hollinger, Esquire, was appointed to represent Appellant.

On July 6, 2005, Appellant, through counsel, filed a Statement of Objection to Dismissal of PCRA Petition wherein he claimed relief because *inter alia* (1) Plea counsel failed to file a motion to withdraw his plea as requested, (2) Plea counsel failed to file an appeal from sentencing, and (3) Appellant's guilty plea was involuntarily entered because Appellant was then taking medications that interfered with his ability to comprehend his decision to plead guilty.

***

At a pre-hearing conference scheduled for January 12, 2006, the primary issue at that time was whether Appellant's right to file a direct appeal from sentencing should be granted. If granted, all other post-conviction collateral claims would be stayed pending the outcome of the appeal, but, if denied, the PCRA motion would be dismissed as untimely filed.

On January 12, 2006, without a hearing, the Commonwealth conceded the issue regarding Appellant's right to appeal. Therefore, the right was reinstated and Appellant filed his appeal on January 24, 2006. Seven days later, the [c]ourt directed Appellant to file his Statement of Matters Complained of on Appeal as required by Pa.R.A.P. 1925(b). That statement was not filed until March 10, 2006. Because of that late filing, [a panel of the Superior Court] considered all issues waived and affirmed the judgment of sentence on January 3, 2007. *See **Commonwealth v. Brown**, 212 MDA 2006 (Pa. Super. filed Jan. 3, 2010) (unpublished memorandum).

On October 30, 2007, Appellant filed another PCRA petition wherein he claimed relief on the basis of ineffective assistance of counsel and an invalid plea due to the effects of medication. Barbara Entwistle, Esquire, was appointed to represent Appellant. She filed a Supplemental PCRA Petition on December 28, 2007, which she further amended on January 10, 2008. Essentially, the same claims for relief were averred as raised in 2005, with the addition of Attorney Hollinger's ineffectiveness in filing a late Rule 1925 statement.

*** 

On November 12, 2009, the PCRA court entered an Opinion and Order finding Appellant's initial PCRA counsel ineffective and granting Appellant the right to pursue his original direct appeal.

Appellant appealed on December 10, 2009, and the Superior Court affirmed [his judgment of sentence] on November 15, 2010. ***See Commonwealth v. Brown***, 2119 MDA 2009 (Pa. Super. filed Nov. 15, 2010) (unpublished memorandum).

For reasons that need not be discussed, Attorney Entwistle requested leave to be replaced as Appellant's counsel and, on January 14, 2011, Stephen Maitland, Esquire, was appointed to represent Appellant. The Court indicated, in writing, to Appellant and Attorney Maitland that the case would proceed when they identified the issues they wished to pursue.[1] On August 4, 2011, Attorney Maitland filed a "memorandum" stating that the only issue being pursued concerned the validity of Appellant's plea. He also indicated that he was not successful in obtaining York County medical records and, therefore, intended to claim "governmental interference."

The lower court treated Attorney Maitland's memorandum as a PCRA Petition. A hearing was held before this [c]ourt on October 17, 2011. At that time, Appellant also claimed that he was not properly colloquied regarding his right to a jury trial where he would be presumed innocent.

On October 31, 2011, the PCRA [court] denied Appellant's PCRA petition. [A] timely appeal followed.

***Commonwealth v. Brown***, 2045 MDA 2011, 60 A.3d 580 (Pa. Super. filed August 24, 2012) (unpublished memorandum at 2-4.). A panel of this Court affirmed the PCRA court's denial of Appellant's PCRA petition on August 24, 2012. ***Id.***

---

[1] The record is unclear as to what triggered the common pleas court's action.

On July 9, 2015, Appellant filed a second PCRA petition. The PCRA court dismissed this second PCRA petition by order entered October 16, 2015. Appellant timely appealed. The trial court did not order the filing of a Pa.R.A.P. 1925(b) statement.

Appellant presents the following issues for our review:

I.      Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing by misapprehending the retroactive application in **Commonwealth v. Hopkins, 117 A.3d 247 (2015)** when [its] paradigm, **Alleyne v. United States, 133 S.Ct. 2151 (2013)** created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

II.     Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Appellant Mr. Brown filed the instant Post Conviction Relief Act Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins, 117 A.3d 247 (2015)**?

III.    Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Appellant Mr. Brown contends that through the Court's inherent power, the P.C.R.A. Court always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the PCRA court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed

_____

[2] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

As noted, following reinstatement of Appellant's direct appeal rights, a panel of this Court affirmed Appellant's judgment of sentence on November 15, 2010. *Commonwealth v. Brown*, 2119 MDA 2009, 22 A.3d 1070, (Pa. Super. filed November 15, 2010). Appellant did not file a petition for allowance of appeal to our Supreme Court. Accordingly, Appellant's judgment of sentence became final thirty days after this Court affirmed his judgment of sentence, when the time for seeking allowance of appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, for purposes of section 9545(b), Appellant's judgment of sentence became final on December 15, 2010. Therefore, Appellant had until December 15, 2011, to

*(Footnote Continued)* ─────────────

    (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

- 7 -

file a timely petition. Appellant did not file the instant PCRA petition until July 9, 2015. Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant argues that the "newly discovered fact" exception at 42 Pa.C.S. § 9545(b)(ii) applies in this case. Appellant's Brief at 17; PCRA Petition, 7/9/15, at 1-2. Appellant maintains that he "raises the 'newly discovered fact' of his sentence becoming illegal in light of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins, 117 A.3d 247 (June 15, 2015)**."[3] Appellant's Brief at 17 (emphasis in original). Appellant argues that he timely invoked this exception by filing the current PCRA petition within sixty days of the **Hopkins** ruling. **Id**. Appellant also asserts that his sentence is "not only illegal because of the precedential

_____

[3] In **Hopkins**, the Supreme Court of Pennsylvania found that pursuant to **Alleyne v. United States**, 133 S.Ct. 2151, 2158, (2013), the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") was unconstitutional in its entirety. **Hopkins**, 117 A.3d at 262. The appellant in **Hopkins** had filed a direct appeal, as his sentence was not final at the time the Supreme Court of the United States issued its decision in **Alleyne**.

case-law of **Hopkins**, but because of the principles of the statute becoming null and void based [upon] the standards set by the United States Supreme Court in **Alleyne**." *Id.*

This Court has ruled that judicial decisions are not facts for purposes of 42 Pa.C.S. § 9545(b)(1)(ii). **See Cintora**, 69 A.3d at 763 ("[A] judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA."). Thus, Appellant has not properly invoked the time-bar exception under 42 Pa.C.S. § 9545(b)(1)(ii).

Additionally, we note that Appellant's PCRA petition does not qualify for the new constitutional right exception to the PCRA time bar under 42 Pa.C.S. 9545(b)(1)(iii). Neither the United States Supreme Court nor the Pennsylvania Supreme Court has determined that **Alleyne** applies retroactively to those whose sentences were final prior to its issuance. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).[4] Indeed, our State Supreme Court recently held that "**Alleyne** does not apply retroactively to cases pending on collateral review." **Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 at *8, 37 EAP 2015 (Pa. filed July 19, 2016). As noted, Appellant's sentence became final on December

_____

[4] In **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), we explained that **Alleyne** will apply to cases pending on direct appeal as of June 17, 2013.

15, 2010. *Alleyne* was decided on June 17, 2013. Therefore, Appellant's PCRA petition does not qualify for the new constitutional right exception to the PCRA time bar under *Alleyne*. *Id.*

Furthermore, the *Hopkins* decision did not announce a "new rule;" but rather, it simply assessed the validity of Section 6317 under *Alleyne* and concluded that particular mandatory minimum sentencing statute is unconstitutional. Nevertheless, even if *Hopkins* announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that *Hopkins* applies retroactively to postconviction petitioners such as Appellant. As noted, Appellant's judgment of sentence became final on December 15, 2010, and *Hopkins* was not decided until June 15, 2015. Consequently, to the extent Appellant attempts to rely on *Hopkins*, he has not satisfied the time-bar exception of Section 9545(b)(1)(iii).

Appellant also contends that even if his petition was untimely filed, the PCRA court and this Court "**never relinquish** jurisdiction to correct an illegal sentence and **always** retains [sic] the power to do so." Appellant's Brief at 23 (emphasis in original). Our Court has provided the following explanation in addressing an illegality of sentence claim in the context of an untimely PCRA:

> A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. . . . Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.

- 10 -

***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) (internal citations and quotation marks omitted). Because Appellant's PCRA petition is untimely and none of the time-bar exceptions applies, the PCRA court lacked jurisdiction to address Appellant's illegality of sentence claim.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016

- 11 -